UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA S.C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 24cv84-CAB-DDL <br><br> **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 17]; (2) AFFIRMING THE DECISION OF THE COMMISSIONER; AND (3) DIRECTING JUDGMENT BE ENTERED IN THE COMMISSIONER'S FAVOR** |

Pending before the Court is the Report and Recommendation ("Report") of Magistrate Judge David D. Leshner, filed on December 2, 2024, recommending that the Court: (1) approve and adopt the Report; (2) affirm the decision of the Commissioner; and (3) direct that judgment be entered in the Commissioner's favor. [Doc. No. 17.] On December 10, 2024, Plaintiff filed objections to the Report. [Doc. No. 18.] On December 23, 2024, Defendant filed a reply to the objections. [Doc. No. 19.] Having considered the parties' arguments and for the reasons stated herein, the Court finds the Magistrate Judge conducted a well-reasoned and thorough analysis, and the Court **ADOPTS** the Report.

## BACKGROUND

On January 5, 2021, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act ("Act") and for supplemental security income under Title XVI of the Act. *See* Certified Administrative Record ("AR") [Doc. No. 9] at 73-75. Plaintiff alleged she had been unable to work since June 16, 2019 due to various mental and physical impairments. *Id*. After her application was denied at the initial stage and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on January 18, 2023 before ALJ Kim Field. *Id*. at 50-72. The ALJ issued an unfavorable decision on February 1, 2023, having concluded Plaintiff "has not been under a disability, as defined in [the Act], from June 16, 2019, through the date of [the] decision." *Id*. at 30, 41. On November 21, 2023, the Appeals Council denied review, and the ALJ's decision became final. *See id*. at 1-3. This appeal timely followed.

## LEGAL STANDARDS

The Social Security Act entitles a claimant to disability benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

An individual may seek judicial review of the Commissioner of Social Security's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the scope of review is

limited. A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. *See Flaten v. Secretary of Health and Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence" means evidence a reasonable person might accept as adequate to support the ALJ's conclusion, considering the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court must consider both the evidence that supports and detracts from the Commissioner's conclusions. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

Even if substantial evidence supports the ALJ's findings, a court must set the decision aside if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). But if the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1989).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a Magistrate Judge's report and recommendation. The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

The Plaintiff objects to the Report on the following grounds: (1) the Report focused "nearly exclusively on the substantial evidence standard, to the exclusion of addressing" alleged legal errors [Doc. No. 18 at 2]; (2) Judge Leshner provided a misleading statement of law when quoting the published Ninth Circuit case of *Stubbs-*

*Danielson v. Astrue*, 539 F.3d 1169(9th Cir. 2009) [Doc. No. 18 at 4]; and (3) the Report improperly relies on *Ford v. Saul*, 950F.3d 1141 (9th Cir. 2020) [Doc. No. 18 at 6.].

      1.  Substantial Evidence/Legal Errors.

Plaintiff contends that the Report focused "nearly exclusively on the substantial evidence standard, to the exclusion of addressing" alleged legal errors lacks merit. [Doc. No. 18 at 2.] Plaintiff suggests that the Report fails to address Plaintiff's claim that the ALJ's moderate findings at steps two and three were "not accounted for" in the residual functional capacity finding under the regulations "and the discrepancy was not explained." [Doc. No. 18 at 3.]  But the Report does address this allegation. It identifies the appropriate regulation explaining how the agency assesses a claimant's residual functional capacity (RFC), and it cites legal authority explaining that the RFC need not exactly mirror the findings at steps two and three. [Doc. No. 17 at 7-8.] The Report then explains how the ALJ's RFC adequately tracks with medical evidence, and how that evidence is consistent with the moderate findings at steps two and three. [Doc. No. 17 at 7-8.] Therefore, the Report appropriately concluded that the ALJ's decision is free of legal error and supported by substantial evidence.

      2.  *Stubbs*.

Plaintiff contends that Judge Leshner provided a misleading statement of law when quoting the published Ninth Circuit case of *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) (along with other published Ninth Circuit cases), which generally outlines that an ALJ is responsible for translating and incorporating opinion evidence about the severity of a claimant's mental impairments into the RFC finding. [Doc. No. 18 at 4-6.] According to Plaintiff, Judge Leshner should have followed *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. Appx. 211 (9th Cir. 2009), which held that moderate restrictions do not translate to simple, repetitive work.  First, to the extent Plaintiff attempts to raise a new argument in reliance on *Brink* that was not raised in her prior briefing, her claims are waived. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (an argument "not raised clearly and distinctly in the opening brief" is waived.).   Moreover, *Brink* is an

unpublished opinion that courts in this circuit have routinely found at odds with the published and binding and published authority cited in the Report. *See Rowe v. Comm'r of Soc. Sec. Admin.*, No. CV-17-02558-PHX-GMS, 2018 WL 6168011, at *5 (D. Ariz. Nov. 26, 2018) (calling *Brink* "an outlier"); *Jamie Allen W. v. O'Malley*, No. 4:23-CV-00202-REP, 2024 WL 1465924, at *5, FN 2 (D. Idaho Apr. 4, 2024) (explaining why *Brink* is not compelling authority and should not be applied expansively). Therefore, the Report correctly cites *Stubbs-Danielson* as controlling authority, and appropriately concludes that the medical evidence "amply supports the restrictions the ALJ incorporated into the RFC." [Doc. No. 17 at 7.]

      3.  *Ford.*

Plaintiff asserts that the Report improperly relies on *Ford v. Saul,* 950 F.3d 1141, 1155 (9th Cir. 2020), a case Plaintiff claims "directly contradicts" the revised regulations. [Doc. No. 18 at 7.] While Plaintiff is correct that *Ford* was decided under the prior regulations, it still has persuasive value for claims governed by the revised regulations. In fact, the Report also cites *Kitchen v. Kijakazi,* 82 F.4th 732, 740 (9th Cir. 2023), which was decided under the revised regulations and itself relied on *Ford*. The *Kitchen* court expressly cited the same language from *Ford* that is cited in the Report regarding "the discounting of a medical opinion set forth in a checkbox form with little to no explanation." *Id.* at 740-41. Therefore, the Report here does not rely on *Ford* as a controlling interpretation of the new regulations; rather, it appropriately references persuasive language in *Ford*—the same language referenced by the Ninth Circuit in cases such as *Kitchen* decided under the revised regulations.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation [Doc. No. 17] is **ADOPTED**;
2. The Plaintiff's objections to the Report and Recommendation [Doc. No. 18] are **REJECTED**;

3. The decision of the Commissioner is **AFFIRMED**;

4. The Clerk of Court shall **ENTER JUDGMENT** for the Commissioner and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 10, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge